## Alexander, et al. v. Prescott's Exor., et al.

(Decided October 30, 1912.)

### Appeal from Bourbon Circuit Court.

1. Wills—Agreement Not to Contest—Agreement in Capacity of Executor Only—Compromise—Suit to Sell Estate—Judgment.—Prescott, executor of his wife's will entered into a written agreement with the legatees and devisees under the will, reciting that if a suit to break the will should be dismissed, they would not enter into any suit to break it or to set aside certain deeds. Following this the compromise was effected and the suit dismissed, and the executor brought an action for a settlement of the estate, setting out the provisions of the will, its various legacies, the personal estate received, the debts paid, and that the amount left in his hands was not sufficient to pay the legacies in full and asked a reference to the commissioner. Appellants by answer controverted so much of the petition as pleaded insufficiency of assets to pay the legacies in full and alleged that they were induced to execute the writing upon appellee's representation through Bay-

less that they should at once be paid in full the legacies bequeathed. The judgment was to the effect that the executor intended that the agreement entered into by him was in his capacity as executor, solely, and that it did not bind him individually. Held, that the judgment properly determined the rights of the parties.

2. Same—Evidence—Exclusion of Evidence.—It is not claimed by appellants that appellee promised immediate payment of the legacies to them, but to them through Bayless, but it is not shown that Bayless was the agent of appellee, and in the absence of proof of such agency, it was not error to exclude as incompetent, testimony as to what appellants said to him in the absence of appellee, when and before they assented to and signed the writing.

3. Same.—To have required appellee to pay appellants' legacies in full would have been a preference and unjust to other legatees.

TALBOTT & WHITLEY, ROBT. A. THORNTON for appellants.

HAZELRIGG & HAZELRIGG and E. M. DICKSON for appellees.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

Mary E. Prescott, a resident of Bourbon County, died in 1908 testate. She left no children, but was survived by her husband, the appellee, J. W. Prescott. Her will, including its five codicils, was duly admitted to probate in the Bourbon County Court, and the husband, named therein as executor, duly qualified as such.

The testatrix at the time of her marriage with J. W. Prescott, which occurred in 1875, was a widow, her first husband, John Grimes, having died about 1870. At the time of her last marriage she owned, in addition to a considerable personal estate, two hundred and sixty acres of land in fee, and dower of two hundred acres in a tract of land of which the first husband was the owner at the time of his death. In 1880, five years after her second marriage, Mrs. Prescott, by deed, conveyed to her husband, J. W. Prescott, the two hundred and sixty acre tract of land of which she was the owner in her own right; the deed, however, reserved to her a right to revoke the conveyance, but the right was never exercised. On the contrary, the gift was confirmed by her will.

The will, in addition to providing for the payment of the testatix' debts and making provision for the husband, contains various legacies to her nephews and nieces. Among the legatees appear the names of Nathan Bayless, Jr., Nathan Bowles, John Bowles, Thom-

as Bowles, Robert Bowles and the appellants, Mary E. Alexander and Hannah A. Butler. The twelfth clause of the will revoked a gift of land the testatrix made Bayless and the Bowles by a writing of August 16, 1883, in which such power of revocation was reserved, and in lieu thereof bequeathed them two hundred dollars each. The second clause of the will bequeathed three thousand dollars to the appellant, Mary E. Alexander; the third clause a like sum to the appellant, Hannah A. Butler. These legacies to Mary E. Alexander and Hannah A. Butler were, however, by the third codicil of the will, reduced to two thousand dollars each.

After the will had been probated by the county court, Nathan Bayless, Jr., by an appeal from the judgment of probate to the circuit court, entered upon a contest to break and set it aside, in which, it appears, he was joined by the Bowles and perhaps other legatees. The appellants, Mary E. Alexander and Hannah A. Butler, took no part in the contest, but were made apellees in the circuit court. Before a trial of the contest in the circuit court was had Nathan Bayless, Jr., died, leaving as his only heir an infant daughter; Silas Bedford was thereupon appointed and qualified as administrator of his estate and guardian of his infant daughter, and the proceeding in the matter of the contest over the will having been revived, and he made a party appellant, both as administrator and guardian, he and the Bowles proceeded with the prosecution of the contest.

At this juncture, Nathan Bayless, Sr., a cousin of Nathan Bayless, Jr., and also related in about the same degree to all the nephews and nieces of the testatrix Mary E. Prescott provided for by her will, took it upon himself to bring about a settlement of the contest over the will; and to this end he held conferences with all the parties. He first obtained of the contestants in the will case, an agreement on their part to dismiss the contest and permit a judgment to be entered in the circuit court sustaining the will, if the executor, J. W. Prescott, would pay the Bowles, administrator of Nathan Bayless, Jr., and guardian of the latter's infant daughter, $7,000 in satisfaction of their claims under the will of Mary E. Prescott. After repeated interviews between Nathan Bayless, Sr., and J. W. Prescott, the executor, the latter agreed to settle the case upon the basis proposed by the

contestants of the will, provided the appellants, Mary E. Alexander and Hannah A. Butler, would in writing consent thereto and obligate themselves not to contest the will, or attack the deed under which Mary E. Prescott, in 1880, conveyed him the two hundred and sixty-six acre tract of land. After several conferences between Nathan Bayless, Sr., and the appellants, Mary E. Alexander and Hannah A. Butler, the latter agreed to execute the writing required by J. W. Prescott, and when Bayless prepared and presented the paper to them they signed it. The writing in question is in words and figures as follows:

"This agreement made and entered into March 9, 1910, by and between J. W. Prescott and J. W. Prescott, executor of Mary E. Prescott, of the first part, and Hannah A. Butler and Mary E. Alexander and the undersigned legatees and devisees under the will of Mary E. Prescott, witnesseth: Whereas a suit is pending in the Bourbon Circuit Court under the style of Bayless v. Prescott, to break the will of Mary E. Prescott; and whereas the said J. W. Prescott is about to enter into and carry out a compromise with the contestants in said action; and whereas the undersigned are interested in avoiding the delay which will result from litigation over the will. Now in consideration of the premises and one dollar, and to induce J. W. Prescott to enter into and carry out said compromise, the undersigned, Hannah A. Butler and Mary E. Alexander agree and bind themselves unto the said J. W. Prescott that if the said J. W. Prescott will enter into and carry out said compromise of the suit of Bayless v. Prescott in the Bourbon Circuit Court, and cause said action to be dismissed, that the undersigned, Hannah A. Butler and Mary E. Alexander, will never institute or prosecute any suit to break the will, or to set aside the deeds from Mary E. Prescott to J. W. Prescott. It is agreed by the parties hereto that the will of Mary E. Prescott shall be carried out as though no suit had ever been brought to break the will. Witness the hands of the parties the day and year first above written.

"MARY E. ALEXANDER,
"HANNAH A. BUTLER,
"J. W. PRESCOTT, Exor.,
"J. W. PRESCOTT."

Following the execution of the above paper J. W. Prescott effected the compromise with Bowles, and the administrator of Nathan Bayless, Jr., deceased, and in pursuance thereof the contest over the will was dismissed. Thereafter the appellee, J. W. Prescott, as executor of the will of Mary E. Prescott, and in his own right, brought this action in the court below for a settlement of the testatrix' estate. All the devisees and legatees under the will except the Bowles, the administrator of the estate of Nathan Bayless, Jr., his infant daughter and her guardian, whose claims were settled by the dismissal of the contest over the will, were made parties to the action.

The petition set forth the provisions of the will, its various legacies, the personal estate received by the executor, the debts against the estate paid by him, alleged that the amount left in his hands was not sufficient to pay the legacies in full, and asked a reference of the cause to a commissioner for the settlement of his accounts.

The appellants, Mary E. Alexander and Hannah A. Butler by answer, which was made a counterclaim, controverted such of the averments of the petition as pleaded an insufficiency of assets to pay the legacies in full; and in addition alleged that they were induced to execute the writing delivered by them to appellee, through Nathan Bayless, Sr., upon his (appellee's) representation and promise that they should at once be paid in full the $2,000 legacy bequeathed each of them by the will of Mary E. Prescott, and $1,000 each in addition, which he, after the execution of the will and before the death of the testatrix had, in writing, promised her to pay them.

As evidence of their right to the additional $1,000 each, appellants made a part of their answer and counterclaim the following writing:

"Mr. J. W. Prescott,

"My dear Husband:

"Remember that I have told you to give Mary E. Alexander and Mary A. Butler one thousand dollars ($1,000) apiece whenever you sell your two hundred and sixty-four acres of land, or at your death, if you do not

sell it. If either of my nieces die before you give it to them, do you divide it equally between your children.

"December 29th, 1896.

"MARY E. PRESCOTT.

"The undersigned holds the original paper, of which this is a true copy, and I hereby promise to fulfill the above request of my wife, Mary E. Prescott.

"J. W. PRESCOTT, Exr.

"Witness: E. M. COSTELLO."

It was further averred in the answer and counterclaim, that the original of the above writing was in appellee's possession; and that the agreement of the latter to pay them at once the $1,000 each, and the legacy of $2,000 each, bequeathed them by the will of Mary E. Prescott, was by mistake on the part of Nathan Bayless, Sr., draftsman of the writing by which appellants consented to the compromise of the case involving the contest as to the will, omitted therefrom, which mistake was not known to appellants when or before they signed the writing. Appellants filed an amended answer and counterclaim, wherein it was alleged that appellee, after the institution of the action, sold the two hundred and sixty acres of land which had been conveyed him by his wife, and that a part of the purchase money had not been paid him. The purchaser was made a party to the action and process of garnishment served on him for an amount sufficient to pay appellants' claims.

By further responsive pleadings filed by the parties, the issues between them were completed; and following the taking of proof by the commissioner, the filing of his report and the submission of the case upon exceptions thereto and upon the merits, judgment was rendered by the circuit court whereby appellants recovered of appellee, on the obligation imposed upon him by the writing between him and Mary E. Prescott, $1,000 each, to be paid by the garnishee out of the unpaid purchase money owing by him to appellee upon the land bought of him. With respect to the legacies of $2,000 each, claimed by appellants, the judgment expresses the following conclusion:

"While the court is of the opinion the evidence shows the plaintiff, J. W. Prescott, agreed to pay the defendants, Mary E. Alexander and Hannah A. Butler, their legacies of $2,000 each, immediately and without

abatement, yet the court is of opinion that in making said promise or agreement, the plaintiff, J. W. Prescott, intended that such agreement or promise should be in his capacity as executor solely and did not thereby intend to bind himself individually. * * * It is accordingly adjudged that the defendants, Mary E. Alexander and Hannah A. Butler, have judgment against the plaintiff, J. W. Prescott, as executor of Mary E. Prescott, for $2,000 each, but it appearing to the court that the balance in the hands of the executor, after the payment of the costs of this action, is wholly insufficient to pay the legacies under the will of the testatrix in full, it is adjudged that the balance in the hands of the plaintiff, J. W. Prescott, as executorial assets, be applied pro rata in payment of the legacies in the will of the testatrix.''

Appellants complain of so much of the judgment as refused them recovery of the full amount of the legacies claimed, viz.: $2,000 each, hence this appeal.

The record manifests no error in the judgment. There can be no doubt from the evidence that appellee, in order to procure appellants' signatures to the writing prepared by Nathan Bayless, Sr., intended to and did obligate himself to pay them at once the $1,000 each for which they obtained judgment against him. But each of these amounts was an individual indebtedness growing out of an obligation imposed by his wife, the testatrix, and which he voluntarily assumed. This he confessed to Nathan Bayless, Sr., and also to appellants to whom he furnished a copy of the writing signed by himself and wife, soon after the contest over the will was instituted and before they were asked or expected to sign the paper prepared by Bayless. It is true the obligation as to the $1,000 agreed to be paid each of the appellants, was not by its terms or meaning, payable until appellee sold the land his wife had conveyed him, or, in case he did not sell it, until his death; but there was nothing in it which forbade his paying it sooner. But if no promise of early payment had been made by him, the sale he made of the land, to which the attention of the court was called by appellants' amended answer and counterclaim, caused the obligation to mature and entitled appellants to the judgment rendered in favor of each of them for the $1,000.

It is not so clear from the evidence that appellee, in order to obtain appellants' signature to the paper prepared by Bayless, promised immediate payment of the legacies of $2,000 each, given them by Mrs. Prescott's will. It is not claimed by appellants that such promise was made to them, but that it was made by him through Bayless. The evidence fails to show that Bayless was the agent of appellee. He was in fact no more appellee's agent than he was that of appellants. His attitude was merely that of a peacemaker and well-wisher of all the parties. All he did in the matter of settling the litigation over the will, and bringing about the agreement between appellants and appellee was through friendship to all concerned and as a volunteer. In the absence of proof as to his being appellee's agent, the circuit court did not err in excluding as incompetent, testimony as to what appellants said to him, in the absence of appellee, when and before they assented to and signed the writing prepared by him. We do not understand that what they said to him relating to the agreement, and he communicated to appellee before the writing was signed, was excluded, or that what the latter said to him and he communicated to appellants on that subject, was excluded. Closely analyzed, Bayless' testimony was to the effect that appellee had said, in substance, if appellants would sign the paper, he would pay the contestants of the will the $7,000, demanded by them, and pay appellants each the $1,000 and legacies claimed by them, at once, or as soon as he could get up from his illness. In another part of his testimony Bayless said, appellee agreed if appellants would sign the paper he would pay them the $1,000 each at once and in cash, and carry out the will.

Bayless at no time testified that appellee said he would pay the legacies out of his own estate, or that he would, as an individual, make himself liable for them. His only liability for the legacies, therefore, was as executor and such liability went no further than to bind him to the extent of the assets in his hands as executor. If such assets were not sufficient to pay all the legacies in full, it only remained for him to pay them pro rata, and this the judgment requires him to do.

It may, therefore, be conceded, for the purposes of this decision, that appellants have sustained their contention that appellee promised immediate payment of their legacies, as well as the $1,000 claimed by them;

that such promise induced them to sign the writing prepared by Bayless; and' that this part of the agreement between them and appellee was by the mistake of Bayless omitted from the writing; but as the evidence shows that the promise as to the payment of the legacies was made in his executorial capacity alone, it imposed no individual liability and did not in any way bind his individual property. Nor is the fact that appellee raised the $7,000 he paid the contestants of the will in compromise of their claims, by executing a mortgage on his land, competent to prove that he intended to pay appellants' legacies out of his individual means. If he had not so paid the contestants there would have been practically no assets to pay appellants' legacies, or others made by the will.

The record furnishes some reason for appellee's delaying the payment of appellants' legacies. In addition to other debts, he was compelled to satisfy a judgment, amounting, interest and costs, to more than $4,000, which the heirs of Mary E. Prescott's first husband recovered of him as executor for waste committed by her to the dower lands. This, and other debts paid out of the estate of the testatrix, together with the costs of administration, so reduced the assets as to make it impossible for the executor to pay all the legacies of the will in full; and if the court had required him to pay the legacies of appellants in full, the judgment would have been a preference and unjust to the other legatees.

Being of opinion that the judgment appealed from properly determined the rights of the parties, it is affirmed.